19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lanny Wayne MILLER, Petitioner-Appellant,
v.
William C. SEABOLD, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 93-5749.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Lanny Wayne Miller appeals pro se from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Miller is a Kentucky prisoner who alleged that his parole was revoked in violation of his Fourteenth Amendment right to due process because he was not afforded a revocation hearing. On April 23, 1993, the district court adopted a magistrate judge's recommendation and dismissed the case, as Miller was not entitled to a hearing under the automatic revocation provision of Ky.Rev.Stat. Sec. 439.352. It is from this judgment that Miller now appeals.
 
 
 3
 Under Sec. 439.352, an individual's status as a parolee is automatically terminated if he is recommitted to prison to serve a new sentence for a crime that was committed while he was on parole. Miller first argues that his parole was not terminated under Sec. 439.352 because he was arrested for absconding from parole supervision rather than for committing a new crime. However, this argument misconstrues the plain language of Sec. 439.352, which states that parole revocation is automatic, not when a parolee is arrested, but rather when he has been recommitted to prison for a new crime. Therefore, the initial reason for Miller's arrest is irrelevant. Miller's prison records show that he was recommitted to the institution as a parole violator with new consecutive sentences to serve. Moreover, in his petition, Miller admits that he "was convicted of a new offense in 1985 and returned to prison with an additional sentence to serve." Miller's recommitment at that time triggered the application of Sec. 439.352, even though the parole board may have initially sought his arrest for other reasons.
 
 
 4
 In the alternative, Miller argues that the termination of his parole under Sec. 439.352 was unconstitutional because he did not receive a due process hearing or the opportunity to present mitigating evidence. See Morrissey v. Brewer, 408 U.S. 471, 484-89 (1972). This argument is unavailing.
 
 
 5
 In denying Miller's petition, the district court reconciled two unpublished opinions from this court which considered the constitutional implications of Sec. 439.352. Compare Harris v. Rees, 729 F.2d 1461 (6th Cir.) (table), cert. denied, 469 U.S. 864 (1984) with Summers v. Scroggy, 825 F.2d 411 (6th Cir.1987) (table), cert. denied, 485 U.S. 941 (1988). In Harris, we held that the Due Process Clause was not violated when parole was revoked without a hearing under Sec. 439.352. A potentially conflicting holding was subsequently made in Summers. The district court properly found that Harris was controlling because Summers could not be applied retroactively as it had announced a new rule of law. See Harrison v. Parke, 917 F.2d 1304 (6th Cir.1990) (table).
 
 
 6
 In addition, we note that the dismissal of Miller's petition is consistent with our recently published decision in Sneed v. Donahue, 993 F.2d 1239 (6th Cir.1993), which expressly resolved the apparent conflict between Harris and Summers. In Sneed, we held that a preliminary hearing was not required before parole revocation under Sec. 439.352 because the parolee's incarceration for a subsequent offense established probable cause of a parole violation. Id. at 1241. We also held that a parolee was not entitled to a final revocation hearing because the parole board lacked discretion to do anything but deny parole under the statute. Id. at 1243-44. Thus, under the facts in Miller's case, the automatic revocation procedure of Sec. 439.352 does not violate due process.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.